IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JERALD ANTHONY HALL,<br><br>    Plaintiff<br><br>v.<br><br>MICHAEL BRITT, ET AL.<br><br>    Defendants | § § § § § § § § § § § § | Civil Action No. 5:22-cv-00112 |

## ORDER

Before the Court is Plaintiff Jerald Hall's Objections to the Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Injunctive Relief. Docket No. 13. Plaintiff, an inmate proceeding pro se, initially filed a complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983. Docket No. 1. The case was referred to United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636.

Plaintiff sought injunctive relief asking that the Court order the Defendants to provide him with ice water so that he can take his medications. Docket No. 3. The Magistrate Judge issued a Report recommending that the motion be denied, noting that Plaintiff failed to exhaust his administrative remedies. Docket No. 9. Plaintiff filed objections contending that he did not consent to the Magistrate Judge, an injunction is required to spare his life, his transfer has not mooted his request for injunctive relief even though he is now housed at the Gib Lewis Unit where ice water is readily available because he could be transferred again, administrative remedies are not available because his Step One grievances are not returned, and he has met the prerequisites for injunctive relief. Docket No. 13.

The Magistrate Judge correctly observed that in his complaint, Plaintiff specifically stated that he had not exhausted his administrative remedies, arguing that he was in "imminent threat of

death." Docket No. 1 at 3. There is no emergency-situation exception, however, to the exhaustion requirement. *McMillian v. Director*, 540 F. App'x 358, 359 (5th Cir. 2013). In fact, "District Courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process" and "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Although Plaintiff asserts that his grievances are not being answered, Plaintiff made clear in his original complaint that he had not exhausted the grievance process at that time. Docket No. 1; *see also Gonzalez*, 702 F.3d at 788.  Consequently, Plaintiff has not shown a significant likelihood of success on the merits of his claims and is therefore not entitled to injunctive relief.

In addition, Plaintiff acknowledges that he has been moved from the Telford Unit and is now at the Gib Lewis Unit, where ice water is available. Docket No. 13 at 4.  The Fifth Circuit has held that an inmate's transfer to another unit renders his claims concerning the conditions of confinement at the first unit moot.  *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).  Plaintiff's motion for injunctive relief lacks merit and is moot in any event.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Plaintiff's objections (Docket No. 13) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 9) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for a preliminary restraining order or temporary restraining order (Docket No. 3) is **DENIED**.

**So ORDERED and SIGNED this 16th day of August, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE